[No. 10141.   Department One.   September 13, 1912.]

SCANDINAVIAN AMERICAN BANK, *Respondent*, v. WASHINGTON
HOTEL & IMPROVEMENT COMPANY *et al.*, *Respondents*,
ANNA M. DONAHOE, *Executrix, etc.*,
*Appellant.*[1]

MORTGAGES—STIPULATIONS BY MORTGAGE—CONSTRUCTION — BREACH
—DAMAGES.   Where a purchase money mortgage upon high class
business property, which was inaccessable because 80 to 90 feet
above street grade, stipulated that the mortgagee should bring the
property and part of the street down to the established grade with-
in a specified time, the mortgagor, on breach of the stipulation by
delay in performance, can recover the reasonable rental value of
the property during the time which she was kept out of its use by
reason of the delay; and a provision in the mortgage postponing
the maturity of the note until the grading had been done does not
show an intention to make that the measure of the mortgagee's
liability for the breach of the stipulation, where a substantial part
of the purchase price had already been paid.

SAME—INTEREST—ABATEMENT.   In such case, the interest on the
mortgage note does not abate from the date of its maturity until
the grading was completed, where the note by its terms bears in-
terest "until paid," and the mortgage stipulates that it shall not
be due and payable until the grading is completed, and the con-
tract contemplates that the mortgagee shall reduce the property
to grade and have its value as fixed by the contract.

APPEAL—DECISION—REMAND.   Upon reversing a case in which
judgment for plaintiff was entered at the conclusion of defendant's
evidence on an issue raised by new matter in the answer, a new
trial should be allowed in order to allow the plaintiff an opportunity
to meet the defendant's testimony.

MORTGAGES—FORECLOSURE—COSTS — ATTORNEY'S FEES — TENDER—
EFFECT.   Where defendant's tender of the amount due on a prom-
issory note and mortgage was sufficient when made, the plaintiff is
not entitled to an allowance for attorney's fees.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered May 20, 1911, in favor of the
plaintiff, in an action on promissory notes and to foreclose
a mortgage, after a trial before the court.   Modified.

[1]Reported in 126 Pac. 438; 128 Pac. 222.

*Peters & Powell,* for appellant.

*Lyter & Folsom* and *Ballinger, Battle, Hulbert & Shorts,* for respondents.

GOSE, J.—On the 8th day of May, 1907, the Washington Hotel & Improvement Company, a corporation, sold and conveyed to Michael Donahoe lots 10 and 11, in block 46, of A. A. Denny's addition to the city of Seattle, for a consideration of $140,000. Donahoe paid in cash $75,000. The balance of the purchase price was evidenced by two promissory notes made by Donahoe in favor of the hotel company and secured by a mortgage in its favor upon the property. One of the notes was drawn for $25,000, due six months after date. The other note was drawn for $40,000, payable May 31, 1908. The former note drew interest at the rate of six per cent per annum from maturity, and the latter note drew a like rate of interest from date until paid. The mortgage provided:

"Whereas, the mortgagee has agreed with the mortgagor that it will at its own expense remove all of the dirt and material from the above described lots down to the level of Third avenue according to the grade established by ordinance No. 13,776 within six months from this date, and that it will also at its own expense remove to said new grade all dirt and material from the westerly half of Third avenue from Stewart to Virginia street, and from the northerly half of Stewart street on the south side of said lot eleven, from Second avenue to Third avenue, within six months from this date; and

"Whereas, it, the said mortgagee, has guaranteed to the mortgagor that all dirt and material will be removed from the east half of Third avenue, from Stewart to Virginia street, and from the south side of Stewart street from Second avenue to Third avenue, within eight months from this date so as to make them conform to the new grade, as well as the dirt and material from the block lying between Virginia street on the north and Stewart street on the south, between Third avenue and Fourth avenue down to the new street grade level, within a period of eight months from this date, and that

Third avenue from Pine street on the south to Stewart street on the north shall be graded according to the recently established grade by ordinance No. 13,776 within one year from date, all without cost to the said mortgagor, and that it, the said mortgagee, will save harmless the said mortgagor, as well as the above described lots, from any charge, assessment or tax whatsoever for the regrade of Third, Fourth, or other avenues, streets or alleys, or from widening the same with what is known as the present Denny Hill regrade, or any modification thereof.

"Now the mortgagee hereby expressly undertakes the above contract and it is expressly agreed and understood that the forty thousand (40,000) dollar note herein secured, and no part thereof, shall be due or payable until all the above conditions shall have been fulfilled."

On the 8th day of November, 1908, the Washington Hotel & Improvement Company assigned the note and mortgage to the plaintiff, as collateral security for the payment of the note of the former to the latter of that date, drawn for $43,000, and bearing interest from date until paid at the rate of six per cent per annum. On the 10th day of July, 1909, the plaintiff brought this action for the purpose of foreclosing the mortgage, and to obtain a judgment against Donahoe and wife for the full amount of the $40,000 note, with interest, attorney's fees and costs, and to obtain a judgment against the hotel company on its note. A judgment was entered in favor of the plaintiff upon both notes. Mrs. Donahoe has appealed.

Prior to the commencement of the trial, Michael Donahoe died testate, leaving all his property to his wife, Anna M. Donahoe, who was named as executrix and testamentary trustee. Mrs. Donahoe filed a supplemental and amended answer, claiming a set-off against the bank and the hotel company, and a counterclaim against the latter for damages on account of its failure to do the grading within the time fixed in the mortgage.

The property is a rectangular tract, lying in the southeast

8—70 wash.

corner of block 46, and has a frontage of one hundred and twenty feet on Third avenue and a depth of one hundred and eight feet upon Stewart street. It extends along the northerly side of Stewart street to an alley midway between Second and Third avenues. The avenues run northerly and southerly, and the streets run easterly and westerly. Virginia street is the first street north of Stewart street. At the time the appellant's testator purchased the property, it was eighty or ninety feet above grade. Third avenue from Stewart street to Virginia street, and Stewart street from Second avenue to Fourth avenue, had about the same elevation. At that time, Second avenue westerly of the property was graded. The Washington Hotel, which had then been erected, lies immediately across the alley from this property. There was no access to the property at the time it was purchased. It was then considered high class business property when it and the adjoining avenues and streets had been brought to grade.

The work of bringing the lots to grade was completed July 1, 1908. The grading of Stewart street from the alley west of the property to Third avenue commenced on the 11th day of February, 1909, and was finished on the 12th day of April following. The grading of Third avenue from Stewart street south to Pine street was completed May 12, 1909. On the 11th day of February, 1909, the elevation of Stewart street at the east line of the alley had been reduced to some ten or twelve feet above grade, and at Third avenue to sixty feet above grade. At that time, as a witness puts it, "You could get on the lots from Second avenue on Stewart street."

The appellant contends, (1) that she is entitled to have deducted from the amount due upon the note the reasonable rental value of the property from November 8, 1907, to February 12, 1909, the date when the property became accessible; and (2) that the interest on the note should abate from the date of its maturity to the same date. These propositions will be considered in the above order.

We think the first contention has merit. The property, together with the adjoining streets and avenues, was eighty to ninety feet above grade when it was purchased, and was inaccessible. It was then known to be high class business property as soon as it and the adjoining streets and avenues should be brought to grade. The mortgagee assumed the burden of bringing the property, and the half of the adjoining street and avenue touching it, to grade by November 8, 1907. It failed to do so, and the property was as effectually withheld from the appellant until February 12, 1909, as though the respondents had retained the actual possession.

The respondents argue that the clause inserted in the mortgage, postponing the maturity of the note until all the grading had been done, shows that it was the intention of the parties to make that the measure of the mortgagee's liability for a breach of the contract. We cannot assent to this view. Carried to its logical conclusion, it would mean that the mortgagee could indefinitely delay the completion of the work with immunity from liability other than the postponement of the maturity of the note. The purchaser had paid $100,000 upon the purchase price, and had obligated himself to pay the balance with interest when the work was completed. Until that was accomplished, he had nothing but the naked legal title, for the property being inaccessible it could not be used. The mortgagee, having breached its contract, is liable in damages to the extent of the appellant's injury, measured by the reasonable rental value of the property put in the condition contemplated by the contract. One witness testified that the reasonable ground rental value of the property in that condition on a long-term lease would have been $1,000 per month. Another witness fixed its value on a like basis at $625 per month. From this testimony the trial court should have determined its rental value from November 8, 1907, to February 12, 1909, and should have deducted it from the note. The statute, Rem. & Bal. Code, § 1736, puts the duty upon us of examining the evi-

dence *de novo*, and finally determining the case. The mean ground rental value, as shown by the testimony, is $812.50 per month, and we will accept that sum as the reasonable rental value of the property.

We cannot think that the second contention is sound. The appellant argues that, when payment is prevented by the act of the creditor, interest is not recoverable during the period of the creditor's default, and has cited authorities which announce that view. The principle is no doubt sound when properly applied, but is not applicable to the facts at bar, for at least two reasons: (1) the note by its terms bears interest "until paid," and the parties have stipulated in the mortgage that it shall not "be due or payable" until the mortgagee has fulfilled all of the conditions of its contract; and (2) the contract contemplates that the appellant shall have the property reduced to grade and made accessible, and that the mortgagee shall have its value as fixed by the contract. In short, that the one party shall have the property in usable form, and that the other shall have its equivalent in money. This view will give to each of the parties precisely what he bargained for. There is no contention that the bank is a holder in due course. It took the note by assignment and with notice of the provisions in the mortgage.

The judgment will be modified and remanded, with directions to the trial court to deduct from the amount of the principal and interest the rental value of the property at $812.50 per month from the 8th day of November, 1907, to the 12th day of February, 1909, and to enter a judgment and decree for the balance in favor of the respondent bank.

PARKER, CROW, and CHADWICK, JJ., concur.

### ON PETITIONS FOR MODIFICATION.
[Decided October 26, 1912.]

PER CURIAM.—Both the appellant and the respondents have filed a petition in this court asking for a modification of the opinion heretofore filed herein. The appellant has called

our attention to the fact that her tender was ample after the damages directed in the opinion are deducted, and she has asked that the attorney's fee allowed by the trial court be disallowed. The respondents have directed our attention to the fact that the judgment was entered at the conclusion of the appellant's testimony. They ask that the case be remanded for a retrial so that they may offer testimony on the issue raised by the new matter in the answer of the Washington Hotel & Improvement Company, and so that they may meet the appellant's testimony on the issues as to the time the grading was done and the rental value of the property. There was no specific reference to these facts in the respondents' brief, and we overlooked the fact that they did not present their evidence on these matters.

The case will be remanded, with directions to the trial court to reopen the case for further testimony in harmony with the issues. If, after a rehearing, the appellant's tender is found to have been sufficient in amount when made, after deducting the damages under the rule announced in the former opinion, the court will make no allowance for attorney's fees.